UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>Roxana Alejandra Sanchez Torres,<br>Defendant. | Case No. |

## COMPLAINT

Plaintiff, United States of America, hereby sues the Defendant, Roxana Alejandra Sanchez Torres, and alleges as follows:

## PARTIES

1. Plaintiff United States of America brings this action on behalf of its Department of Homeland Security, an agency and instrumentality of the United States.

2. Defendant Roxanna Alejandra Sanchez Torres ("Defendant") during all relevant times is an individual and noncitizen residing in Orange County, Florida.

## JURISDICTION AND VENUE

3. This is an action brought by the United States to collect a civil monetary penalty owed by the Defendant pursuant to Section 274D of the

Immigration and Nationality Act ("INA"), 8 U.S.C. 1324d, and 8 C.F.R. § 280.53.

4. The jurisdiction of this Court is invoked under 28 U.S.C. § 1345 in that the Plaintiff is the United States of America.

5. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1395(a) in that the events giving rise to Plaintiff's claims occurred in the Middle District of Florida and because Defendant resides within this division of the Middle District of Florida.

**LEGAL BASIS FOR PENALTIES**

6. The civil penalty at issue arises under 8 U.S.C. § 1324d(a), which provides that any alien subject to a final order of removal who willfully fails or refuses to depart shall pay a civil penalty.

7. Pursuant to 8 C.F.R. § 280(b)(14), the penalty is set at $998 per day for each day of violation. Statutory authority for 8 C.F.R. § 280.53 derives from the Federal Civil Penalties Inflation Adjustment Act of 1990, Public Law 101-410, 104 Stat. 890, as amended by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Public Law 114-74, Sec. 701, 129 Stat. 599.

## GENERAL ALLEGATIONS

8. Defendant is indebted to the United States for a civil penalty assessed for her willful failure or refusal to depart from the United States pursuant to a final order of removal.

9. The Defendant is a citizen of Mexico who was issued a Notice to Appear ("NTA") charging her as removable pursuant to Section 212(a)(6)(A)(i) of the INA, as being present in the United States without being admitted or paroled, or having arrived in the United States at any time or place other than as designated by the Attorney General. See Exhibit A.

10. On June 27, 2024, an Immigration Judge conducted a hearing to determine whether the defendant was removable as alleged in the Notice to Appear. The judge found that although the defendant had been given adequate advance notice concerning the time and date of the hearing, the defendant nonetheless did not appear to contest the allegations made in the Notice to Appear. The hearing was conducted in abstentia as provided for by law, and the government's allegations were explicitly accepted by the Immigration Judge in the removal order. The Immigration Judge entered a final order of removal against Defendant on that same day. See Exhibit B.

11. Pursuant to 8 U.S.C. § 1229a(c)(5), the final removal order was

served on Defendant via mail and included an explicit notice that a willful failure or refusal to depart from the United States pursuant to the order would subject Defendant to a civil monetary penalty for each day Defendant is in violation of the order. The defendant took no appeal from the removal order, which became final.

12. The Department of Homeland Security thereafter issued a Notice of Violation and Order ("NOV") that was personally served on the defendant on June 15, 2026. The NOV calculated a civil penalty by multiplying $998 by the total number of days that elapsed since the order of removal was finalized and during which the Defendant failed to depart, for a total penalty of $663,670. The notice informed the Defendant that she had the right to appeal within 15 business days of the notice. See Exhibit C. The defendant filed no appeal.

13. On August 26, 2026, an invoice demanding payment was mailed to the defendant at her last known address. The invoice notified the Defendant of the amount owed, warned that a civil lawsuit could be filed against her if she failed to pay the amount within 10 calendar days of the Invoice dated, notified her that she could dispute the Invoice in writing within 10 calendar days of the Invoice date, and that she could avoid the

debt by departing the United States within 10 calendar days of the Invoice. See Exhibit D. Defendant failed to respond to the invoice.

14. Since June 27, 2024, the Defendant has remained in the United States, living in the Orlando, Florida area in willful defiance of the final removal order.

## PRAYER FOR RELIEF

### (Civil Penalties for Failure to Depart - 8 U.S.C. § 1324d(a))

15. The Defendant is subject to a final order of removal dated June 27, 2024, which was properly heard by an Immigration Judge on that day. The Immigration Order found the defendant to be removable and was properly served on the Defendant. The Defendant did not contest the government's allegations at the trial level, nor appealed it after entry. The order is final and unappealable.

16. The Dfendant has willfully failed and refused to depart this country in compliance with the removal order. She ignored the order and at all times following the entry of the order, has lived in the Orlando area.

17. Following the issuance of the Notice of Violation and Order and Invoice, the Defendant willfully ignored those written notices concerning the penalties accruing by statute.

WHEREFORE, Plaintiff United States of America prays:

18. For judgment against Defendant in the amount of $998 per day since June 27, 2024, plus interest, penalties, costs and fees that have accrued to the date of judgment; and thereafter, interest accruing at the applicable legal rate; and

19. For such other and further relief as the Court deems just and proper.

Dated: September 25, 2026.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

*/s/Lacy R. Harwell, Jr.*

Lacy R. Harwell, Jr.
Assistant United States Attorney
Lead Counsel
Florida Bar No. 714623
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6200
E-mail: randy.harwell@usdoj.gov

*Attorneys for the United States of America*